# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Robert John McClelland,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-10-0764-PHX-NVW (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 6, 2010 (Doc. 1). On September 17, 2010, Respondents filed their Answer (Doc. 15). Petitioner filed a Traverse (Doc. 16) and Supplement (Doc. 17) on October 6, 2010.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. PROCEEDINGS AT TRIAL

On September 13, 1998, while at a church in Phoenix, Arizona, Petitioner touched the vaginal areas of two sisters, eight and seven year old girls. (Exhibit C, R.T. 12/11/00 at 9-10.) (Exhibits to the Answer, Doc. 15, are referenced herein as "Exhibit ___"; Exhibits to the Petition, Doc. 1, are referenced herein as "Petitioner's Exhibit ___.")

On March 1, 1999, Petitioner was indicted in Maricopa County Superior Court on

three counts of child molestation. (Exhibit A, Indictment.)  Some 21 months later, Petitioner entered into written Plea Agreements (Exhibit B), and entered a plea of No Contest to one count of child molestation, and one count of attempted child molestation.  (Exhibit E, M.E. 12/11/10).  Charges relating similar conduct as to a third, younger sister, were dismissed. (*Id.*; Exhibit F, Presentence Invest. at 1.)

On February 12, 2001, Petitioner was sentenced to an aggravated sentence of 24 years on the child molestation, and a suspended sentence and lifetime probation on the attempted child molestation crime.  (Exhibit H, Sentence.)

### B.  PROCEEDINGS ON DIRECT APPEAL

Petitioner did not file a direct appeal.  (Petition, Doc. 1 at 2-3.)

### C.  PROCEEDINGS ON FIRST POST-CONVICTION RELIEF

On February 21, 2001, Petitioner commenced a post conviction relief proceeding by filing his Notice of Post-Conviction Relief (Exhibit J).  That Notice did not specify any grounds for relief.

Counsel was appointed (Exhibit K, M.E. 3/6/01), and eventually filed a notice of inability to find issues for review.  (Exhibit T).

In the interim, on April 30, 2001, Petitioner had filed a second Notice of Post-Conviction Relief, seeking relief on the basis of "Excessive Sentencing No Miranda Rights." (Exhibit Q at 3.)

Petitioner was given until October 19, 2001 to file his *pro per* Petition for Post-Conviction Relief.  (Exhibit V, M.E. 9/4/01.)  Petitioner did not do so, and on January 8, 2002, the PCR court dismissed the proceeding.  (Exhibit W, ME 1/8/02.)

Petitioner did not seek further review of the proceeding.  (Petition, Doc. 1 at 5.) Petitioner explains that he did not do so because he

> was in Court (out of State) on a separate matter and was not notified of any of the Court's actions.  Upon returning to Arizona I wrote/contacted Clerk of the Court to obtain information. Months

- 2 -

passed and I was told I had missed filing deadlines.

(*Id.*)

### D.  PROCEEDINGS ON SECOND POST-CONVICTION RELIEF

On December 20, 2007, Petitioner commenced his second post conviction relief proceeding by filing his Notice of Post-Conviction Relief (Exhibit X), based upon a change in the state law concerning sentencing for attempted child molestation.  On January 29, 2008, the PCR court summarily denied the petition on the merits. (Exhibit Y, M.E. 1/29/08.)

Petitioner petitioned for review by the Arizona Court of Appeals (Exhibit Z), which was summarily denied on December 9, 2008 (Exhibit ZZ).

Petitioner petitioned for review by the Arizona Supreme Court (Exhibit BB), which was summarily denied on April 7, 2009 (Exhibit CC).

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 6, 2010 (Doc. 1). Petitioner's Petition asserts the following four grounds for relief:

> In Grounds One and Two, he alleges a violation of due process based on the prosecution's objection to mitigation evidence at sentencing and enhancement of his sentence based on improper use of prior convictions in aggravation. In Ground Three, Petitioner alleges a violation of his Fifth Amendment double jeopardy rights. In Ground Four, he alleges that he was illegally indicted.

(Order 4/27/10, Doc. 4 at 2.) Petitioner makes no argument in his Petition to excuse any untimeliness. (Doc. 1 at 11.)

**Response** - On September 17, 2010, Respondents filed their Answer (Doc. 15).

Respondents argue that Petitioner's petition is untimely and barred by the statue of limitation on state prisoner habeas petitions.

**Reply** - On October 15, 2010, Petitioner filed a Traverse (Doc. 16) and Supplement ("Points and Authorities in Support of Traverse") (Doc. 17) , arguing the merits of his

Petition, his "actual innocence," that he is entitled to gap tolling between his two petitions, and that he did not receive notice of proceedings on his first PCR proceeding, 18 months later was transferred to a new prison unit and then to Texas for 21 months.

## III. APPLICATION OF LAW TO FACTS

**1.  One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

**Actual Innocence** - Petitioner argues his claims should not be subject to the limitations period because they are meritorious and he is actually innocent and entitled to application of the *Schlup* actual innocence gateway.  No exception to the habeas limitations period is made for meritorious claims.  Even claims of actual innocence do not justify avoidance of the habeas limitations period.  *See  Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir.2005); *David v. Hall*, 318 F.3d 343, 347 (1st Cir.2003); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002); *Flanders v. Graves*, 299 F.3d 974, 976-78 (8th Cir.2002). *But see Souter v. Jones*, 395 F.3d 577, 585 (6th Cir.2005) (applying actual innocence gateway to limitations period); and *Lee v. Lampert*, 633 F.3d 1176 (9th Cir. 2011) (granting rehearing *en banc* of panel decision concluding no actual innocence exception).

Even if actual innocence were accepted as a basis to avoid the limitations period, it is unclear whether the actual innocence gateway applies to defendants who were not convicted on trial, but pled not guilty or no contest. *See Smith v. Baldwin,* 510 F.3d 1127, 1140 (9th Cir. 2007).  *But see Bousley v. U.S.,* 523 U.S. 614, 624 (1998) (remanding for development of actual innocence to excuse procedural default of pleading federal defendant).

Moreover, Petitioner fails to meet the standard for actual innocence announced in

- 4 -

*Schlup* and applied to procedural defaults. A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id.* at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Moreover, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624. Here, Petitioner's plea resulted in dismissal of other charges of molestation, his innocence of which he is obligated to establish to be entitled to the pass through the *Schlup* gateway.

Petitioner argues that his bald assertion of actual innocence must be accepted at face value and an evidentiary hearing held. (Pet. Supp. To Traverse, Doc. 17 at 2-3 (citing 28 U.S.C. § 2248).) However, Petitioner fails to proffer anything to show his actual innocence. At best, he claims that the witnesses were biased family members, and there was insufficient evidence because of the lack of eyewitnesses (apart from the victims) to the molestation. (Pet. Supp. To Traverse, Doc. 17 at 1-2.) A finding of "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, not sufficient to establish actual innocence). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Moreover, an actual innocence analysis does not invite a simple reconsideration of the evidence at trial, but requires consideration of new evidence. "To meet this standard, [the Petitioner] must first furnish 'new reliable evidence ... that was not presented at trial.' " *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003) (quoting *Schlup*, 513 U.S. at 324).

Petitioner proffers no new evidence in support of his claim of actual innocence. In particular, Petitioner does not suggest how any bias on the part of witnesses is new evidence, as opposed to matters clearly known at the time of his guilty plea.

In sum, Petitioner fails to proffer anything other than conclusory allegations to support a claim of actual innocence. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) (stating that unsupported, conclusory allegations do not warrant habeas relief). Thus, even assuming actual innocence can avoid the statute of limitations, Petitioner is not entitled to avoid it.

## 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] Petitioner did not file a direct appeal.

However, "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro,* 481 F.3d 710, 717 (9th Cir. 2007). This applies to defendants "who pled guilty or no contest." Ariz. R. Crim. P. 32.1. "To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review." *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Having pled "no contest," Petitioner was a pleading defendant, and thus entitled to file a PCR proceeding of-right. Because he was sentenced on February 12, 2001 (Exhibit H), he had until May 14, 2001 to file his notice of PCR of-right. Petitioner did file such PCR notice on February 21, 2001 (Exhibit J) and April 30, 2001 (Exhibit Q). That proceeding remained

---

[1] While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide various exceptions, including newly recognized claims made retroactively applicable, and newly discovered factual predicates. *See* 28 U.S.C. § 2244(d)(1). Petitioner does not assert any of these apply. It does not appear to the undersigned that these have any application.

pending until thirty days after the PCR court's dismissal on January 8, 2002 (Exhibit W), when the time to file his petition for review expired. Ariz. R. Crim. P. 32.9. Thus, his conviction became final on February 7, 2002.

Thus, barring any tolling, Petitioner's one year began to run from February 8, 2002 and would have expired on February 7, 2003.

**3. Gap Tolling**

Respondents argue that "gap-tolling"[2] should not apply to the interim between Petitioner's first and second PCR proceedings, citing *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006). (Answer, Doc, 15 at 7-10.) Petitioner argues he is entitled to gap tolling.

*King* and its progeny largely dealt with California's indeterminate, "reasonable" time for appeals, raising a question whether a delayed appeal is a continuation of a prior proceeding, or a new application for relief.

In *Hemmerle v. Schriro*, 495 F.3d 1069 (2007), the Ninth Circuit extended *King* to an Arizona defendant, to determine whether the gap between a dismissed petition and a subsequent petition should be counted as expired time from the limitations period if the second petition was simply an attempt to cure deficiencies in the prior filing. The court explained:

> In this circuit, we apply a two-part test to determine whether the "gap" should be tolled. "First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a 'new round' and the gap between the rounds is not tolled." But, if the subsequent petition "simply attempted to correct the deficiencies" in the prior petition, we will construe the new petitions as part of the first "full round" of collateral review. In such circumstance, we then proceed to

---

[2] The term "gap tolling" seems to be a bit of a misnomer in situations such as the instant one where the question is not whether statutory tolling applies in between post-direct review and collateral attacks, but whether Petitioner's direct review ended (and his conviction became final, and the limitations period commenced) upon conclusion of the first PCR or continued through the second PCR. In such situations, there would simply be no limitations period running which would need to be tolled.

- 7 -

>  ask whether the petition was denied on the merits or deemed untimely. If the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not.

*Hemmerle*, 495 F.3d at 1075 (citations omitted, quoting *King*).

Here, Petitioner never filed a petition for relief in either of his PCR proceedings. Similarly, in *Hemmerle*, the defendant's first PCR proceeding was dismissed based solely on his failure to file a PCR petition after filing his PCR notice. Thus, there were no claims in the second proceeding which the subsequent petition could correct deficiencies in. The *Hemmerle* court observed that "the purpose of a PCR notice is not to set forth the facts or legal citations regarding a claim, but is to make a simple request for relief from judgment, in order to alert the state court that 'it might need to appoint counsel.'" *Id.* (quoting *Isley v. Arizona Department of Corrections*, 383 F.3d 1054 (9th Cir.2004)).[3]

Even if Petitioner's PCR notices were adequate to raise claims, Petitioner fails to show that the two proceedings related to the same claim(s). Petitioner's only identified claims in his first PCR proceeding were those set out in his second PCR Notice, *i.e.* "Excessive Sentencing No *Miranda* Rights." (Exhibit Q at 3.) In contrast, his PCR notice in the second proceeding was based upon claims of a change in the state law concerning sentencing for attempted child molestation, as a result of an intervening decision in *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007). That decision held that the Arizona statutes (albeit illogically) only provided heightened sentencing for attempted "sexual conduct" if the minor were over 12, but not if they were under 12.[4]

---

[3] This case is illustrative of the difficulty with the distinction drawn by in *Hemmerle* between PCR notices and PCR petitions in Arizona. The undersigned regularly sees Arizona PCR proceedings disposed of on the merits based upon an assertion of a claim as laid out in a PCR notice, without an opportunity to file a PCR petition ever being granted, despite the fact that the Arizona framework "presupposes that an actual petition will be forthcoming." *Hemmerle*, 495 F.3d at 1076.

[4] The PCR court rejected this claim, finding it inapplicable to his conviction for a completed (as opposed to attempted) molestation, and finding that the applicable statute did provide heightened sentencing for an attempted "molestation" (as opposed to "sexual conduct"), regardless of the age of the victim. (Exhibit Y, M.E. 1/29/08.) *See* Ariz. Rev.

Petitioner did not reassert his *Miranda* claim in the second proceeding. And, his claim that his sentence was "excessive" is not the same as a claim that it was not authorized by the statute. While both were attacks on his sentence, they are diametrically opposed contentions.

Under Arizona law, a challenge to a "sentence on the ground that it is excessive" is an assertion that although authorized by statute, the sentence imposed "is greater than under the circumstances of the case ought to be inflicted." Ariz. Rev. Stat. § 13-4037(B) (previously § 13-1711). *Cf.* Ariz. Rev. Stat. § 13-4037(a) (governing claims that sentence was "illegal"). "It is well settled in this jurisdiction that if sentence upon conviction of a crime is within the limits of the penalty prescribed by appropriate statute, it will not be revised or reduced on appeal unless it clearly appears the sentence imposed is excessive, resulting in an abuse of discretion." *State v. Andress,* 2 Ariz.App. 110, 110, 406 P.2d 745, 745 (1965).[5] Thus, Petitioner's assertion of an excessive sentence was an admission of the legality of the sentence and an argument that it was simply an abuse of discretion under the facts of the case.

In contrast, Petitioner's claim under *Gonzalez* in his second proceeding was that the sentence was not authorized by the statute, and thus was not merely an abuse of discretion but was illegal.

Accordingly, Petitioner's second PCR proceeding was not "limited to an elaboration of the facts relating to the claims in the first petition," *Hemmerle*, 495 F.3d at 1075, but was the assertion of a brand new claim diametrically opposed to the former claim. Therefore,

---

Stat. § 13-604.01 (1998) (as amended by Ariz. Sess. Laws 1998 Ch. 281) (subsection (C) limited to "sexual conduct with a minor who is twelve, thirteen or fourteen years of age" and subsection (D) applying to "molestation of a child" without age limitation, and subsection (I) providing heightened sentences for second degree, *e.g.* attempted, violations of (C) and (D).)

[5] Although Arizona's PCR process only explicitly authorizes claims that a sentence is illegal, Ariz. R. Crim. P. 32.1(c), as opposed to merely excessive, the Arizona Courts have permitted consideration of an "excessive sentence" claim by pleading defendants as a way of preserving their right to appeal under the Arizona Constitution. *See State v. Cazares*, 205 Ariz. 425, ¶ 4, 72 P.3d 355, 356 (App.2003).

Petitioner fails to meet the first criteria for gap tolling, and his conviction became final and his limitation period began to run upon conclusion of the first PCR proceeding.

**4. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner commenced his second PCR proceeding by filing his PCR Notice December 20, 2007 (Exhibit X). Petitioner's one year had expired over four years and ten months before commencement of that PCR proceeding. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, Petitioner is not entitled to any statutory tolling as a result of his second PCR proceeding.

**5. Timeliness of Federal Habeas Petition**

Petitioner's Petition (Doc. 1) was filed April 6, 2010, well over seven years after the expiration of the limitations period on February 7, 2003. Accordingly, barring any equitable tolling the Petition was untimely and must be dismissed.

**6. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it

- 10 -

impossible to file a petition on time.

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,*292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

The only circumstance posited by Petitioner to explain his procedural failings is his location outside the state and the associated delay in receiving notice of the disposition of his first PCR proceeding. Although Petitioner claims he contacted the court to no avail, he fails to proffer any evidence of those contacts, to provide any details, and offers no explanation whether he repeated those efforts, or simply tried once and then ignored the matter. Nor does Petitioner explain why he was unable to resolve the matter even though he remained in Arizona for a period of 18 months before being transferred to Texas. Without such information, the undersigned cannot find that Petitioner's simple lack of notice made it impossible for him to file his federal petition on time.

Further, even if extraordinary circumstances prevent a petitioner from filing for a time, equitable tolling will not apply if he does not continue to diligently pursue filing afterwards. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). Ordinarily, thirty days after elimination of a roadblock should be sufficient. *See Guillory v. Roe*, 329 F.3d 1015, 1018, n.1 (9th Cir. 2003).

At best, Petitioner suggests that his difficulty extended for a period of 39 months (18 months until his transfer to Texas, and 21 months in Texas). Thereafter, Petitioner waited almost another four years before seeking further relief in the state courts, and over six years before filing his habeas petition. Petitioner offers no explanation for those delays. Petitioner has filed to show reasonable diligence in the face of whatever difficulties his lack of notice and transfer to Texas presented.

1  Accordingly, the undersigned finds no basis for equitable tolling.

**7. Summary**

Petitioner's conviction became final on February 7, 2002, upon expiration of his time to file a petition for review with the Arizona Supreme Court. The one year expired on February 7, 2003, and Petitioner's second PCR proceeding filed after its expiration did not reset the running of the statute. Petitioner's Petition, filed in April, 2010 was over seven years delinquent. Petitioner has not shown extraordinary circumstances which precluded him from timely filing, and thus is not entitled to any equitable tolling. Accordingly, the Petition must be dismissed with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling." Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed April 6, 2010 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that to the extent the reasoning of this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise

1 permitted by the Court, an objection to a Report and Recommendation shall not exceed ten
2 (10) pages.  Failure to timely file objections to any findings or recommendations of the
3 Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
4 the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),
5 and will constitute a waiver of a party's right to appellate review of the findings of fact in an
6 order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*
7 *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: June 8, 2011                                         _____
                                                                                   JAY R. IRWIN
                                                                            United States Magistrate Judge

S:\Drafts\OutBox\10-0764-001r RR 11 05 26 rec HC.wpd